

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Civil Action No. CV-09-S-1567-NE** |
| **MICHAEL R. PATTERSON, *et al.*,** | ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiff's motion to strike the jury demand asserted in connection with defendants' counterclaim.[1]   Upon consideration of plaintiff's motion, the parties' briefs, and the evidentiary submissions, the court concludes that the motion is due to be denied without prejudice.

## I. PROCEDURAL BACKGROUND

Plaintiff Wachovia Bank, National Association ("Wachovia") filed this action on August 4, 2009, asserting claims for breach of guaranty against defendants Michael R. Patterson, Gary D. Joyce, S. David Johnston, Richard L. Crunkleton, Raymond B. Jones, Sr., Raymond B. Jones, Jr., and Mark H. Yokley (collectively, "defendants").  Defendants are the owners, officers, and/or managers of Harbor

---

[1]Doc. no. 28.

Investments, LLC, a real estate development company.  Wachovia made two loans

to Harbor Investments:  one on May 25, 2006, in the amount of $4,500,000, and

another on December 31, 2007, in the amount of $500,000.  Both loans were secured

by a mortgage and the personal guaranty of each defendant.  According to plaintiff,

Harbor Investments defaulted on the loans by failing to pay all amounts due, and

defendants have not paid any of the indebtedness in accordance with the terms of

their personal guaranty agreements.[2]

Defendants filed a joint answer on October 30, 2009, denying the material

allegations of plaintiff's complaint and asserting affirmative defenses.[3]  Defendants

also asserted a counterclaim for "fraudulent misrepresentation and suppression of

material facts." To support that counterclaim, defendants alleged:

> 1.    In May of 2006, Wachovia, or one of its affiliates, loaned
> approximately four million five-hundred thousand dollars to Harbor
> Investments.  Wachovia knew that Harbor Investments was an interim
> lender with regard to a real estate development project located on Lake
> Guntersville.  Wachovia understood that the project consisted of two
> parcels of property and that the same developer would develop both,
> adjacent, parcels.  Wachovia was aware of the fact that the loan would
> be used as part of a plan for development of both parcels.  Wachovia
> further understood that the property which secured its loan would be
> developed after other parcels were developed.  In connection with
> making the loan, Wachovia represented that the loan could be renewed
> and extended for any reasonable period of time so that the entire project
> could be developed and sold.  Wachovia further represented that the

---

[2]*See* doc. no. 1 (Complaint).

[3]*See* doc. no. 26 (Answer and Counterclaim).

collateral pledged would be the primary security taken for the loan and would be, under any circumstances, disposed of before attempting to impose liability on any of the parties involved.

    2.    In the Fall of 2007, over one year after the initial loan, and after Defendants and Harbor Investments had invested millions of dollars in the real estate project, Wachovia unilaterally and wrongfully decided to change the terms of the loan agreement.  Wachovia used threats of foreclosure, intimidation, economic duress and fraud to extort guaranties from the individual Defendants named in this action.

    3.    In the Fall of 2007, Wachovia knew that foreclosure would be disastrous for the development project.  Wachovia further knew that at the first opportunity, it would declare the loan in default and use the personal guaranties to secure repayment of the loan.

    4.    Defendants relied on Plaintiff's misrepresentations and suppression of material facts in proceeding with the project, in investing more money in the project and in creating additional liability for each Defendant.[4]

Defendants demanded a trial by jury on their counterclaim.[5]

## II. DISCUSSION

Plaintiff argues that the jury demand defendants asserted in connection with their counterclaims should be stricken because defendants have waived their right to a jury trial.

Each defendant signed two guaranty agreements:  one on May 25, 2006, and another on December 31, 2007.  Each agreement contained the following language

---

[4]*Id.* at 7-8.

[5]*Id.* at 9.

in the paragraph immediately preceding the signature line:

> **WAIVER OF JURY TRIAL.**  TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH OF GUARANTOR BY EXECUTION HEREOF AND BANK BY ACCEPTANCE HEREOF, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT EACH MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY, THE LOAN DOCUMENTS OR ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONNECTION WITH THIS GUARANTY, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY WITH RESPECT HERETO.  THIS PROVISION IS A MATERIAL INDUCEMENT TO BANK TO ACCEPT THIS GUARANTY.  EACH OF THE PARTIES AGREES THAT THE TERMS HEREOF SHALL SUPERSEDE AND REPLACE ANY PRIOR AGREEMENT RELATED TO ARBITRATION OF DISPUTES BETWEEN THE PARTIES CONTAINED IN ANY LOAN DOCUMENT OR ANY OTHER DOCUMENT OR AGREEMENT HERETOFORE EXECUTED IN CONNECTION WITH, RELATED TO OR BEING REPLACED, SUPPLEMENTED, EXTENDED OR MODIFIED BY, THIS GUARANTY.[6]

Defendants argue that these waivers should not be enforced.

---

[6]*See* doc. no. 28, Exhibit A1 (May 25, 2006 Unconditional Guaranty of Michael R. Patterson), at 6; Exhibit A2 (May 25, 2006 Unconditional Guaranty of S. David Johnston), at 6; Exhibit A3 (May 25, 2006 Unconditional Guaranty of Raymond B. Jones, Sr.), at 6; Exhibit A4 (May 25, 2006 Unconditional Guaranty of Gary D. Joyce), at 6; Exhibit A5 (May 25, 2006 Unconditional Guaranty of Richard L. Crunkleton), at 6; A6 (May 25, 2006 Unconditional Guaranty of Raymond B. Jones, Jr.), at 6; Exhibit A7 (May 25, 2006 Unconditional Guaranty of Mark H. Yokley), at 6; Exhibit B1 (December 31, 2007 Amended and Restated Unconditional Guaranty of Michael R. Patterson), at 6-7; Exhibit B2 (December 31, 2007 Amended and Restated Unconditional Guaranty of S. David Johnston, at 6-7; Exhibit B3 (December 31, 2007 Amended and Restated Unconditional Guaranty of Raymond B. Jones, Sr.), at 6-7; Exhibit B4 (December 31, 2007 Amended and Restated Unconditional Guaranty of Gary D. Joyce), at 6-7; Exhibit B5 (December 31, 2007 Amended and Restated Unconditional Guaranty of Richard L. Crunkleton), at 6-7; Exhibit B6 (December 31, 2007 Amended and Restated Unconditional Guaranty of Raymond B. Jones, Jr.), at 6-7; Exhibit B7 (December 31, 2007 Amended and Restated Unconditional Guaranty of Mark H. Yokley), at 6-7 (emphasis and capitalization in originals).

A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary. *See Brookhart v. Janis*, 384 U.S. 1, 4-5, 86 S. Ct. 1245, 1246-47, 16 L. Ed. 2d 314 (1966); *see also Leasing Service Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986). In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable. *See Crane*, 804 F.2d at 833; *See Whirlpool Financial Corp. v. Sevaux*, 866 F. Supp. 1102 (N.D. Ill. 1994).

*Bakrac, Inc. v. Villager Franchise Systems, Inc.,* 164 Fed. Appx. 820, 823-24 (11th Cir. 2006). Courts also consider whether the party challenging the waiver was represented by counsel. *See, e.g., GE Commercial Finance Business Property Corp. v. Heard,* 621 F. Supp. 2d 1305, 1312 (M.D. Ga. 2009).

Although the factors play an important role in the Court's decision-making process, they are not determinative. Put another way, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair.

*Allyn v. Western United Life Insurance Co.,* 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

It cannot reasonably be disputed that the language of the waiver contained in each guaranty agreement was conspicuous. The waivers are written in all caps, and are located in the last paragraph of each guaranty agreement, directly above the signature line. *See Allyn,* 347 F. Supp. 2d at 1252 (finding that a waiver was

conspicuous when it immediately preceded the signature line and was set off from the rest of the contract by capitalization and boldfacing).

Even so, there is little to no evidence addressing any of the other factors bearing upon whether defendants knowingly and voluntarily waived their right to a jury trial. There also is little to no evidence regarding whether, as defendants assert, the waivers should not be enforced due to economic duress or unconscionability. This case is early in the discovery process. A Scheduling Order was entered only days ago, and the deadline for completing discovery is not until June 4, 2010.[7] For these reasons, the court concludes that the remainder of the issues raised in plaintiff's motion to strike should be addressed at summary judgment, after the parties have had the opportunity to conduct discovery.

### III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, plaintiff's motion to strike is DENIED, but without prejudice to plaintiff's right to reassert the arguments contained therein on a motion for summary judgment, after the completion of discovery.

DONE this 28th day of January, 2010.

United States District Judge

---

[7]*See* doc. no. 32 (Scheduling Order), at ¶ 2.